FILED
JAMES BONINI
CLERK

07 DEC 20 PM 1:16

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID P. SHERRER<br>12245 Lancaster<br>Millersport, Ohio 43046<br><br>and<br><br>MELISSA SHERRER<br>12245 Lancaster<br>Millersport, Ohio 43046<br><br>Plaintiffs<br><br>vs.<br><br>DAVOL, INC.<br>Authorized Agent, Brian Burlew<br>Legal Department C. R. Bard, Inc.<br>730 Central Avenue<br>Murray Hill, NJ 07974<br><br>and<br><br>C. R. BARD, INC.<br>Authorized Agent, Brian Burlew<br>Legal Department C. R. Bard, Inc.<br>730 Central Avenue<br>Murray Hill, NJ 07974<br><br>Defendants | Case No. 2:07 cv 1282<br>Judge<br>JUDGE HOLSCHUH<br><br>MAGISTRATE JUDGE KEMP<br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |

SPANGENBERG, SHIBLEY & LIBER LLP • CLEVELAND, OHIO

**First Claim for Relief**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 inasmuch as this is a diversity action and the amount in controversy

is in excess of $75,000 exclusive of interest and costs. At all times relevant, Plaintiffs resided within the Village of Millersport within Fairfield County, Ohio.

2. Defendant Davol, Inc. ("Davol") is incorporated under the laws of Delaware has its principal place of business at 100 Sockanosset Crossroad. P. O. Box 8500, Cranston, Rhode Island 02920. It manufactures the Composix® Kugel® Hernia Patch ("Kugel Patch"), an FDA-approved Class II medical device, which is intended to facilitate the repair of ventral hernias. Davol focuses its business on medical products used during surgeries, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant Davol, by and through its agents, has marketed and/or sold and/or distributed its Kugel Patch product within the Northern District of Ohio.

4. Defendant C.R. Bard, Inc. ("Bard") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of Davol, and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies Davol with material that forms part of the Kugel Patch.

5. Defendant Bard has marketed and/or sold and/or distributed the Kugel Patch product within the Northern District of Ohio.

6. On or about November 1, 2004, Plaintiff David P. Sherrer was implanted with a Bard Composix® Kugel® Hernia Patch in connection with a ventral hernia repair.

7. Said Kugel Patch failed to function as it was designed and intended.

SPANGENBERG, SHIBLEY & LIBER LLP • CLEVELAND, OHIO

8. Defendants Davol and Bard were aware that their Kugel Patch implants were malfunctioning and were defective. Despite this knowledge, Defendants Davol and Bard both continued to market and sell Kugel Patches, and also failed to timely and adequately inform and/or warn the FDA, surgical service personnel, surgeons, hospital risk managers, and patients of the serious adverse health risks that the Kugel Patch's design and/or manufacturing flaws presented.

9. On or about December 22, 2005, March 24, 2006 and January 10, 2007, various categories of Kugel Patch were recalled from the market.

10. The Defendants' product was defective in its design, manufacture, and construction, and failed to conform to representations made by its manufacturer.

11. In addition, the Defendants' product was defective due to Defendants' Davol and Bard's failure to adequately test, warn, and instruct consumers at the time of design, manufacture, marketing, and thereafter.

12. The Defendants Davol and Bard breached their warranties of fitness and merchantability with respect to this product.

13. Defendants Davol and Bard engaged in careless and/or deceptive and/or unconscionable and/or unreasonable business and sales practices with regard to the product(s) at issue.

14. As a direct and proximate result of the Defendants' defective product and/or misconduct described above, Plaintiff David P. Sherrer suffered several related complications including, but not limited to, infection and multiple abscess formation requiring several hospitalizations, surgical debridements and/or

SPANGENBERG, SHIBLEY & LIBER LLP • CLEVELAND, OHIO

drainage, diagnostic testing, several courses of prolonged antibiotic treatment and ultimately, removal surgery on approximately June 15, 2006.

15. Plaintiff David P. Sherrer did not discover or have any reason to know his complications were caused by and/or related to any defect in the Kugel mesh until well after the initial product recall on December 22, 2005.

16. As a direct and proximate result of the Defendants' defective product and/or misconduct described above, Plaintiff has suffered severe injury and disability, has endured conscious pain and suffering, has incurred hospital, medical, and equipment expenses, has suffered lost wages and other economic loss, and was otherwise injured, the extent of which will be more fully adduced at the trial of this matter. Some or all of the foregoing injuries and damages will continue into the future for an indefinite period of time.

WHEREFORE, Plaintiff David P. Sherrer prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which will fully, fairly, and adequately compensate him for his injury, damage, and loss.

SPANGENBERG, SHIBLEY & LIBER LLP • CLEVELAND, OHIO

**Second Claim for Relief**

15. Now comes Plaintiff, Melissa Sherrer, and incorporates as if fully rewritten herein the allegations set forth in the First Claim for Relief, and further states that she is the wife of Plaintiff David P. Sherrer.

16. As a direct and proximate result of the Defendants' defective product and misconduct described above, Plaintiff Melissa Sherrer has been deprived of the society, aid, services, consortium, and support of her husband, has incurred

medical and other expenses, and has otherwise suffered loss, the extent of which will be more fully adduced at the trial of this matter.

WHEREFORE, Plaintiff Melissa Sherrer prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which will fully, fairly, and adequately compensate her for her injury, damage, and loss.

WHEREFORE, Plaintiffs David P. Sherrer and Melissa Sherrer pray for judgment against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with the fees and costs of this action, which will fully, fairly, and adequately compensate for their injury, damage, and loss, and any further relief this Honorable Court deems equitable and just.

A TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

RHONDA BAKER DEBEVEC (00068260)

OF COUNSEL:

Spangenberg, Shibley & Liber LLP
1900 East Ninth Street
2400 National City Center
Cleveland, Ohio 44114
(216) 696-3232
FAX (216) 696-3924
rbd@spanglaw.com

SPANGENBERG, SHIBLEY & LIBER LLP • CLEVELAND, OHIO